[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-14489
Non-Argument Calendar
_____

D.C. Docket No. 1:13-cv-01452-WSD


LEROY WHITE,

Plaintiff-Appellant,

versus

CRYSTAL MOVER SERVICES, INC.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(June 22, 2015)

Before HULL, ROSENBAUM and BLACK, Circuit Judges.

PER CURIAM:

Leroy White, an African-American male, appeals from the district court's grant of summary judgment in favor of Crystal Mover Services, Inc. (CMSI) in his race-based employment discrimination and retaliation suit, brought pursuant to 42 U.S.C. § 1981.  White raises several issues on appeal, which we address in turn. After *de novo* review,[1] we affirm the district court.

## I.  DISCUSSION

### A.  *Failure to Promote*

White asserts the district court erred in granting summary judgment to CMSI on his 2011 failure-to-promote claim.  In that claim, White contended that CMSI had denied him a promotion to a position as an engineer.  The district court determined White failed to establish CMSI's legitimate, nondiscriminatory reasons for hiring a Caucasian candidate for the position were pretextual.  CMSI's articulated legitimate, nondiscriminatory reasons for hiring Chad Perret, a Caucasian employee, instead of White were that:  (1) White did not have any supervisory experience or list any supervisory experience on his resume; and (2) Perret was more qualified for the position.  White claims these reasons were pretext for discrimination because Al McCarthy made racially-biased remarks and advised on the selection of candidates, White was offered the exact same position

---

[1]  We review a district court's grant of summary judgment *de novo*, viewing all evidence in the light most favorable to the non-movant.  *Chapman v. AI Transport*, 229 F.3d 1012, 1023 (11th Cir. 2000) (en banc).

in Miami by McCarthy, and there was evidence that other decisionmakers were involved in racially-biased actions.

When considering a motion for summary judgment on an employment discrimination claim based on circumstantial evidence, courts analyze the claim using the framework set out in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *Combs v. Plantation Patterns*, 106 F.3d 1519, 1527-28 (11th Cir. 1997). Under *McDonnell Douglas*, once a plaintiff establishes a *prima facie* case,[2] the burden shifts to the defendant to articulate a legitimate, nondiscriminatory reason for the employment decision. 411 U.S. at 802-03. If the defendant articulates such a reason, the plaintiff then must show that the defendant's reason was pretextual. *Id.* at 804.

The district court did not err in granting summary judgment to CMSI on White's 2011 failure-to-promote claim. None of White's assertions show CMSI's stated reasons were pretext for discrimination. *See Chapman v. AI Transport*, 229 F.3d 1012, 1030 (11th Cir. 2000) (en banc) (stating if the reason is one that might motivate a reasonable employer, the plaintiff must meet it head on and cannot succeed by simply quarrelling with the wisdom of it). Although White asserts pretext was established because McCarthy made more than just one racially-biased remark, the racial comments made by McCarthy were isolated comments that did

---

[2] CMSI does not challenge that White demonstrated a *prima facie* case for racial discrimination related to the 2011 promotion.

3

not relate to the adverse employment action. *See Scott v. Suncoast Beverage Sales, Ltd.*, 295 F.3d 1223, 1227-1230 (11th Cir. 2002) (holding a racially-derogatory comment by an employee's direct supervisor that is unrelated to an adverse employment action may contribute to a circumstantial case for pretext, but will not be sufficient alone absent additional evidence of pretext).  Moreover, even if McCarthy was the primary decisionmaker, as White contends, evidence that McCarthy played a role in hiring two African-American employees for engineer positions in 2011 and 2012 undermines White's claim that his lack of supervisory experience was merely pretext for racial discrimination.  *See Brooks v. County Comm'r of Jefferson County, Ala.*, 446 F.3d 1160, 1163 (11th Cir. 2006) ("[A] plaintiff cannot prove pretext by simply arguing or even by showing that he was better qualified than the [person] who received the position he coveted.  A plaintiff must show not merely that the defendant's employment decisions were mistaken but that they were in fact motivated by race." (quotations omitted)).  Additionally, White's alternative claim that the other decisionmakers were involved in racially-biased actions failed to establish pretext because two African-American employees were hired for engineer positions in 2011 and 2012.

White's contention he had supervisory experience and CMSI was aware of his experience supervising 50 employees is not enough to show that his own qualifications were "of such weight and significance" that no reasonable person

4

could have selected Perret over White. *See Springer v. Convergys Customer Mgmt. Group., Inc.*, 509 F.3d 1344, 1349 (11th Cir. 2007) (stating a plaintiff must show "the disparities between the successful applicant's and his own qualifications were of such weight and significance that no reasonable person, in the exercise of impartial judgment, could have chosen the candidate selected over the plaintiff" (quotation omitted)).   The evidence showed Perret had a bachelor's degree in electrical engineering, his previous work experience involved the engineering field, and he supervised other employees, while White did not have a college degree and the majority of his previous work experience was not in the engineering field. Thus, even if the evidence White presented regarding his supervisory experience was enough to establish pretext on CMSI's claim they failed to interview him because of his lack of supervisory experience, he failed to show pretext on CMSI's claim Perret was more qualified for the position.[3] *See Chapman*, 229 F.3d at 1037 (stating if the employer proffers more than one legitimate, nondiscriminatory

---

[3]   White also claims the district court improperly used "same actor" evidence that McCarthy offered White the position in Miami in granting summary judgment on this claim. *See Williams v. Vitro Serv. Corp.*, 144 F.3d 1438, 1443 (holding "[e]vidence that the same actor both hired and fired the plaintiff, in some circumstances, may help convince a jury that the defendant's proffered legitimate reasons for its decision are worthy of belief; it is the province of the jury rather than the court, however, to determine whether the inference generated by 'same actor' evidence is strong enough to outweigh a plaintiff's evidence of pretext"). To the extent the district court used this evidence as it was merely observed in a footnote, it was not necessary to its decision.

5

reason, the plaintiff must rebut each of the reasons to survive a summary judgment motion).

## B.  Overtime

Next, White argues the district court erred in granting summary judgment to CMSI on his overtime discrimination claim, based on circumstantial evidence, because he failed to establish pretext.  CMSI's articulated legitimate, nondiscriminatory reasons for Chris Hite and Tim Fox receiving more overtime than White were that:  (1) Hite was an expert on the DRR and PDS systems, which were both experiencing problems in 2011; (2) in 2011, White worked on the third shift, which received the least amount of overtime hours; and (3) in 2011, CMSI switched to the seniority-matrix system to determine overtime opportunities.

On appeal, White merely argues he never admitted CMSI used a seniority-matrix system for distribution of overtime opportunities, and has abandoned any other arguments he made that CMSI's reasons for failing to provide him with overtime were merely pretext for race discrimination.  *See Access Now, Inc. v. Southwest Airline Co.*, 385 F.3d 1324, 1335 (11th Cir. 2004) (holding this Court will not address a claim that has been abandoned on appeal).  As White failed to rebut CMSI's other legitimate, nondiscriminatory reasons for not providing him

6

with overtime opportunities, we affirm the district court's grant of summary judgment on this issue. *See Chapman*, 229 F.3d at 1037.

## C.  Early Clock-In

Next, White contends the district court erred in finding he failed to establish a *prima facie* case that CMSI racially discriminated against him by not letting him clock in early.  A plaintiff can establish a *prima facie* case of race discrimination by showing, *inter alia*, that he was: (1) a member of a protected class; (2) qualified for the job; (3) subject to an adverse employment action; and (4) treated less favorably than a similarly situated employee outside his protected class.  *Maynard v. Bd. of Regents*, 342 F.3d 1281, 1289 (11th Cir. 2003).

The district court did not err in granting summary judgment to CMSI on White's early-clock-in claim because White failed to establish he was treated less favorably than a similarly situated employee outside his particular class.  White's conclusory allegation that he saw two non-African-American employees' timesheets showing they were paid for clocking in early when a ban was in effect, absent any evidence to support this claim, is not enough to survive CMSI's summary judgment motion.

## D.  Failure to Promote - Retaliation

Finally, White asserts the district court erred in granting summary judgment to CMSI on his 2012 failure-to-promote retaliation claim.  To establish a claim of

retaliation under Section 1981, a plaintiff must prove that: (1) he engaged in a statutorily protected activity; (2) he suffered a materially adverse action; and (3) there is a causal connection between the protected activity and the adverse action. *See Butler v. Ala. Dep't of Transp.*, 536 F.3d 1209, 1212-13 (11th Cir. 2008)

The district court did not err in granting summary judgment to CMSI on White's 2012 failure-to-promote retaliation claim because he failed to establish a causal connection between the May 2011 filing of his EEOC charge and CMSI's decision to promote another African-American employee to the 2012 engineer position, which occurred ten months later in March 2012. *See Clark County Sch. Dist. v. Breeden*, 532 U.S. 268, 273 (2001) (noting when plaintiffs have attempted to establish causation through temporal proximity, the proximity must be "very close"). White also failed to establish a causal connection based on a pattern of retaliation because: (1) all discriminatory remarks made by his supervisor occurred before he filed his EEOC complaint; (2) he received three merit-based increases since he filed his EEOC complaint; and (3) his supervisor was reprimanded for his behavior after his EEOC complaint was filed.

## II.  CONCLUSION

The district court did not err in granting summary judgment on White's § 1981 claims.  Accordingly, we affirm.

8

**AFFIRMED.**